<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AIR EXPRESS INTERNATIONAL, D/B/A
DHL GLOBAL FORWARDING
CORPORATION,

        Plaintiff,

        v.

LOG-NET, INC.,

        Defendant.

Civil Action No. 12-1732 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on in limine motions filed by each of Air Express International, d/b/a DHL Global Forwarding Corporation ("DHL") (ECF No. 220) and Log-Net, Inc. ("Log-Net") (ECF No. 221). Each party filed opposition (ECF Nos. 226, 227) and the Court held oral argument on June 18, 2018. The Court has carefully considered the parties' submissions and the arguments set forth on the record, and for good cause shown,

**IT IS** on this 19th day of June 2018, **ORDERED** that:

1.     As to DHL's motion to preclude evidence regarding (a) DHL's relationship with Deutsche Post AG and (b) of the relative size of the parties, the motion is denied without prejudice, to the extent information is offered to provide context to the actions of various individuals. The motion, however, is granted to the extent that Log-Net seeks to use the evidence at issue in this motion solely to further a "David and Goliath" narrative.

2.     As to DHL's motion to preclude fact or expert testimony to interpret correspondence between the parties, DHL internal correspondence, or

correspondence between DHL and third parties, at this time, the motion is too premature to determine whether the Court should admit this evidence. The motion, therefore, is denied without prejudice, and DHL may raise appropriate objections to any improper testimony offered at trial.

3.    As to DHL's motion to preclude testimony regarding comparisons between the Log-Net and GT Nexus software systems, at this time, the motion is too premature to determine whether the Court should admit this evidence. The motion, therefore, is denied without prejudice, and the Court will address specific issues that arise as Log-Net attempts to introduce this evidence at trial. To the extent that the Court deems it appropriate to admit testimony at trial, DHL may address any of its concerns though cross-examination.

4.    As to DHL's motion to preclude the introduction of exhibits and testimony that are barred by the License Agreement's merger clause, this motion is denied, as the presence of a merger clause does not bar the introduction of evidence extrinsic to a contract pursuant to New Jersey law.

5.    As to DHL's motion to preclude specific categories of hearsay evidence:

    a.    Altered Documents: To the extent that the underlying original documents are available, Log-Net must produce them to DHL by **June 21, 2018**. Alternatively,

        i.    All annotations (*e.g.*, comments, highlighting, bolding, underlining) should be removed from the documents. Log-Net shall produce the modified documents pursuant to this section to DHL and to the Court by **June 21, 2018** and, by **June 22, 2018**, DHL shall inform

the Court via e-filed correspondence of any issues or objections to the modified documents.

ii. As to redacted documents, the motion is too premature to determine whether the Court should admit this evidence. The motion, therefore, is denied without prejudice, and the Court will address specific issues that arise as Log-Net attempts to introduce the evidence at trial.

iii. As to documents consisting of cut-and-pasted excerpts of independent sources, Log-Net must clearly identify to the jury the component parts of such documents (*i.e.*, that they consist of cut-and-pasted excerpts) or introduce each excerpt as an individual document.

b. Foreign language documents: All foreign language documents that have not been properly translated pursuant to Federal Rule of Evidence 604 are excluded and the motion is granted, without prejudice. If the parties agree on an acceptable translation or if the documents are translated, they may be introduced if they are in compliance with the Federal Rules of Evidence.

c. Motley's testimony regarding non-parties: At this time, the motion is too premature to determine whether the Court should admit this evidence. The motion, therefore, is denied without prejudice, and the Court will address specific issues that arise as Log-Net attempts to introduce this evidence at trial.

6.    As to DHL's motion to preclude specific evidence as a discovery sanction, the Court declines to exercise its discretion to exclude any evidence at this time.

   a.    <u>Avon contract</u>: The motion is denied without prejudice, and the Court will address specific issues that arise as Log-Net attempts to introduce this evidence at trial.

   b.    <u>Source code</u>: The motion as to the source code is granted as unopposed, as Log-Net represented that it does not intend to introduce the Log-Net source code at trial. As to Mr. Motley's testimony regarding the Log-Net source code, the motion is too premature to determine whether the Court should admit this evidence. The motion, therefore, is denied without prejudice on this ground, and the Court will address specific issues that arise as Log-Net attempts to present Mr. Motley's testimony at trial.

   c.    <u>Trade secret chart</u>: The motion is too premature to determine whether the Court should admit this evidence. Without review of the trade secret chart at issue, the Court cannot render a decision at this time. The motion, therefore, is denied without prejudice, and the Court will address specific issues that arise as Log-Net attempts to present the evidence at trial.

7.    As to DHL's motion to preclude certain expert opinions of Mr. Motley (*i.e.*, opinion testimony as to alleged acts of copyright and trademark infringement by DHL and as to opinions and documents not identified and set forth in Mr. Motley's expert report), in light of the prior rulings of this Court and the general applicability of the Federal Rules of Evidence, the motion is denied without prejudice and the Court

will address specific issues that arise as Log-Net attempts to introduce the evidence at trial.

8.    As to DHL's motion to exclude evidence regarding DHL's Motion for Preliminary Injunction, the Court finds that the evidence is relevant to Log-Net's counterclaim for breach of the covenant of good faith and fair dealing. In addition, the Court does not find that there is a risk of confusion of the jury or wasting time. The Court, accordingly, denies DHL's motion.

9.    As to Log-Net's motion to exclude certain Jones Apparel Group user guides ("JAG Guides"), the Court finds the JAG Guides may be relevant and Log-Net has not established that their introduction would be prejudicial or confusing to the jury. The motion, therefore, is denied without prejudice, and the Court will address any other specific objections raised at trial.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE