**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIR EXPRESS INTERNATIONAL, d/b/a DHL GLOBAL FORWARDING CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>LOG-NET, INC.,<br><br>                Defendant. | Civil Action No. 12-1732 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Air Express International d/b/a DHL Global Forwarding Corporation ("DHL") and Defendant Log-Net, Inc.'s ("Log-Net") supplemental briefing on Log-Net's post-trial Motion for a Permanent Injunction (ECF No. 301). (ECF Nos. 328, 329, 332, 333.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, Log-Net's Motion is denied.

## I. BACKGROUND[1]

On July 9, 2018, a jury trial commenced on DHL's three claims against Log-Net and Log-Net's eleven counterclaims against DHL. On July 20, 2018, the jury returned a verdict for Log-Net on (1) all of DHL's claims against Log-Net, and (2) two of Log-Net's counterclaims against DHL. (Verdict Sheet, ECF No. 284.) Specifically, the jury found for Log-Net on Count 3 (Breach

---

[1] The parties are well familiar with the lengthy procedural and factual history of this matter. The Court, accordingly, only recites the background necessary to resolve the instant motion.

of the Covenant of Good Faith and Fair Dealing) and Count 4 (Copyright Infringement). (*Id.*) The jury awarded Log-Net $14,261,000.00 for Count 3 and $150,000.00 for Count 4, totaling $14,411,000.00 in damages. (*Id.*)

Following the jury verdict, Log-Net moved for a permanent injunction pursuant to the Copyright Act, 17 U.S.C. § 502(a). The Court denied Log-Net's Motion but granted Log-Net leave to file supplemental briefing. (Mem. Op. 33, ECF No. 326.) On April 15, 2019, Log-Net filed a supplemental brief. (Log-Net's Suppl. Br., ECF No. 328.) On April 25, 2019, DHL filed a response. (DHL's Suppl. Br., ECF No. 329.)

On January 6, 2020, the Court ordered additional briefing in light of the Third Circuit's decision in *TD Bank N.A. v. Hill*, 928 F.3d 259 (3d Cir. 2019), including briefing on whether a reasonable royalty would remedy possible future infringement. (Jan. 6, 2020 Order, ECF No. 331.) Log-Net filed additional briefing on January 21, 2020, (Log-Net's TD Bank Br., ECF No. 332), and DHL filed a response on January 27, 2020, (DHL's TD Bank Br., ECF No. 333.)

## II. **LOG-NET'S PROPOSED ORDER**

Log-Net's proposed order provides:

1. DHL shall immediately cease using and distributing the following works which have been found by the jury to infringe Log-Net's copyrights (collectively[,] "Infringing and/or Derivative Works"):

    - The ISC+ application[;]
    - The ISC+ Database[;]
    - All interface files between GT Nexus and ISC+[;]
    - The GT[]Nexus FCR charge screens, FCR document status screens, FCR printout and FCR trading partner input screens[;]
    - Reports identified in the report guide given to GT Nexus[;]
    - Operational reports given by DHL Asia staff to GT Nexus and implemented in GT Nexus or GBI[;]

- Reports identified as "Replicating L[og-Net] report" or containing Log-Net copyrighted examples in to GBI or GT Nexus[;]
- EDI formats in conformance or derived from L[og-Net] 850C; and
- EDI Formatted in conformance or derived from Log-Net GDX 850, Log-Net GDX 856 A-H, Log-Net GDX 315, Log-Net GDX 310[;]

2. Pursuant to section 3.5 of the [parties' 2008 License] Agreement [("Agreement")], DHL shall execute an assignment naming Log-Net as the owner of all copyrights in the Infringing and/or Derivative Works;

3. Pursuant to section 6.3 of the Agreement, DHL shall return all Log-Net property in the possession, custody, or control of DHL or its agents, including the Infringing and/or Derivative Works;

4. Once all Log-Net property, including the Infringing and/or Derivative Works, is returned to Log-Net, DHL shall certify that copies of all Log-Net property in the possession, custody, or control of DHL or its agents, has been returned or destroyed.

(Log-Net Proposed Order ¶¶ 1–4, ECF No. 328-2.)

## III. LOG-NET'S REQUEST FOR PERMANENT INJUNCTION

"As a matter entrusted to a court's equitable discretion, an injunction 'does not follow from success on the merits as a matter of course.'" *TD Bank*, 928 F.3d at 278 (quoting *Winter v. NRDC*, 555 U.S. 7, 32 (2008)). That is, even if a party is successful on the merits, the party seeking a permanent injunction must nonetheless show that "(1) it will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury, (3) the balance of hardships tips in its favor, and (4) an injunction would not disserve the public interest." *Id.* (citing *eBay v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). A permanent injunction is an "extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (internal citation omitted).

"[L]oss of control of reputation, loss of trade, and loss of good will" may constitute irreparable harm. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990). An injury adequately compensable by money damages is not an irreparable injury. *Frank's*, 847 F.2d at 102; *see also TD Bank*, 928 F.3d at 282 ("Although *eBay* identified irreparable harm and the adequacy of legal remedies as separate considerations, they typically constitute two sides of the same inquiry, for the 'availability of adequate monetary damages belies a claim of irreparable injury.'" (citation omitted)).

In *TD Bank*, the Third Circuit joined other circuit courts in rejecting the presumption of irreparable harm in copyright cases. *TD Bank*, 928 F.3d at 279 (citing cases in the First, Second, Fourth, Seventh, Ninth, and Eleventh Circuits). Upon a finding of copyright infringement, the court "no longer place[s] a 'thumb on the scales' in favor of injunctive relief" and must look to whether irreparable harm has been proven. *Id.* at 279–80 (citations omitted). "Neither the prospect of continued infringement nor the 'right to not use' a copyright establishes irreparable harm." *Id.* at 280. "[T]he inability to show irreparable harm—or, relatedly, that a legal remedy would be inadequate—defeats a request for injunctive relief." *Id.* at 278.

Log-Net argues that, "[w]ithout an injunction, DHL will be able to continue its wrongful use and possession of Log-Net's protected works while competing against Log-Net." (Log-Net's TD Bank Br. 2.) Log-Net also argues that, unlike the infringer in *TD Bank*, DHL is Log-Net's competitor and "ha[s] the means and ability to further disseminate the protected work to third parties without knowledge of the copyright holder." (*Id.* at 4.) This argument is unavailing for several reasons. First, "the continuing nature of the infringement does not mean that any future injury would be irreparable." *TD Bank*, 928 F.3d at 280 (citation omitted). Second, Log-Net provides no evidence that Log-Net is DHL's competitor. (*See generally* Log-Net's TD Bank Br.)

Indeed, the jury was told that DHL, an international shipping company, contracted with Log-Net, a software company, to be its software vendor, and that DHL replaced Log-Net with another software company—an action which gave rise to the present dispute. (Jury Instructions ¶ 7, ECF No. 274.) Third, Log-Net's allegations of "threatened harm" to its "commercial goodwill," "valuable intellectual property rights," and "competitive advantage" is unsupported by the record. (*See generally* Log-Net's TD Bank Br. 4.)

Log-Net also argues that DHL could "*possibly*[] distribute the Infringing Works to another entity." (*Id.* at 2 (emphasis added).) Log-Net, however, points to no evidence that DHL has such intentions, (*see generally id.*), and, even if Log-Net did produce such evidence, "the prospect of continued infringement" does not establish irreparable harm. *TD Bank*, 928 F.3d at 280. Log-Net must prove that such distribution results in irreparable harm, and it does not.

Lastly, the Court notes that actual and statutory damages are within the "arsenal of monetary remedies" a district court can award a copyright holder. *Id.* at 282–83 (noting that statutory damages may provide a copyright holder with an adequate remedy at law). At trial, Log-Net sought, and the jury awarded, damages of $150,000. (*See* Jury Instructions ¶¶ 130–37; Verdict Sheet 3–4.) Log-Net makes no argument that this damage award was inadequate. (*See generally* Log-Net's TD Bank Br; Log-Net's Suppl. Br.; Log-Net's Moving Br.) Because Log-Net fails to

prove irreparable injury and that damages would not provide an adequate remedy at law, *TD Bank*, 928 F.3d at 278, Log-Net is not entitled to a permanent injunction.[2]

## IV. LOG-NET'S REQUEST FOR SPECIFIC PERFORMANCE

A plaintiff's right to specific performance turns on (1) "whether the plaintiff has demonstrated a right to legal relief" and (2) "whether the performance of the contract represents an equitable result." *Marioni v. 94 Broadway, Inc.*, 866 A.2d 208, 215 (N.J. Super. Ct. App. Div. 2005). Specific performance is awarded only if damages are inadequate or impracticable. *Fleischer v. James Drug Stores*, 62 A.2d 383, 387 (N.J. 1948).

Log-Net argues that, because the jury found DHL infringed its copyright, DHL should turn over its works to Log-Net pursuant to sections 3.5 and 6.3 of the parties' Agreement. (Log-Net's Moving Br. 1, ECF No. 301-1; Log-Net's Suppl. Br. 7–9.) According to Log-Net, even though the jury found DHL did not breach the Agreement, "under the plain language of the Agreement, a breach of the contract is not a condition precedent for DHL to perform its obligations under the provision." (Log-Net's Reply Br. 8–9, ECF No. 320; *see also* Verdict Sheet 2.)

Here, Log-Net fails to demonstrate a right to legal relief under the contract. The jury did not find for Log-Net on its breach-of-contract counterclaim, and Log-Net's supposed right to recover under these contract terms was not presented to jury. Log-Net provides no precedent or authority upon which the Court may grant specific performance of a contract term absent a finding

---

[2] Because Log-Net fails to establish irreparable harm, the Court declines to address the remaining balance-of-hardships and public-interest factors.

The Court notes it requested supplemental briefing on whether a reasonable royalty would remedy possible future infringement. (Jan. 6, 2020 Order); *see also TD Bank*, 928 F.3d at 282 ("As a condition of denying a permanent injunction, a district court may impose a running royalty to remedy possible future infringement, at least after providing the parties with an opportunity to negotiate a rate privately."). Because Log-Net does not alternatively seek a reasonable royalty, (*see* Log-Net's TD Bank Br. 7), the Court does not consider the appropriateness of a royalty.

that the party is entitled to such relief.[3] Although Log-Net also couches its request for specific performance as one for a "mandatory injunction," (Log-Net's Suppl. Br. 7–8), it provides no analysis as to how such an injunction would satisfy the traditional four-factor permanent injunction test. (*See generally id.*; *see also* Log-Net's TD Bank Br.) Moreover, as the Court has already noted, Log-Net fails to show irreparable injury or that damages would not provide an adequate remedy at law. *See supra* Section III. For these reasons, Log-Net's request for specific performance is denied.

## V.  CONCLUSION

For the reasons set forth above, and for other good cause shown, Log-Net's Motion for Permanent Injunction is denied. An Order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that Log-Net's request for specific performance is not based on remedies available under the Copyright Act. (*See* Log-Net's Reply Br. 8 ("Log-Net's request for specific performance is separate and independent from the remedies provided by the Copyright Act."))